UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael John Bui, | Case No. 20-cv-0418 (ECT/HB) |
| Plaintiff, | |
| v. | **AMENDED REPORT AND RECOMMENDATION**[1] |
| U.S. Attorney, Chad A. Blumenfield, and U.S. Marshals, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff Michael John Bui's application for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). [Doc. No. 2.] The underlying handwritten Complaint [Doc. No. 1 and 1-2] is difficult to comprehend. Typically, the Court considers the IFP application before any other action may be taken; however, where a complaint contains obvious defects, the Court may review the contents of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be

---

[1] This Amended Report and Recommendation is issued in view of the fact that additional material submitted with Plaintiff's Complaint was located by the Clerk's Office and was made a part of the docket on February 6, 2020, after the first Report and Recommendation [Doc. No. 3] was issued. The Court has reviewed that additional material, which has been docketed at Doc. No. 1-2, and has taken it into account in the recommendation herein. The Court's original Report and Recommendation [Doc. No. 3] is hereby withdrawn.

1

granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Even when the additional material is considered, Mr. Bui's Complaint is almost impossible to follow.[2]  This Court notes that Mr. Bui has filed other cases in this District,

---

[2]  For example, the first paragraph reads:

> On December 26, 2019 I filed 47 pieces of paper for the case number Civil No. 19-2785 (DWF/KMM) I mean I wrote 47 pieces of paper in my language I mean I sent the emails to the ladies at www.vietsingle.com and now I have a few more emails they are very bad for read but you must read

including a pending social security matter (*Bui v. Berryhill*, Case No. 19-cv-0839 (ECT/KMM)), and a pending civil matter similar to this case (*Bui v. US Attorney*, Case No. 19-cv-2785 (DWF/ECT)). It is possible Mr. Bui intended for his Complaint filed in this action to add information to Case No. 19-cv-2785, in which a report and recommendation recommending dismissal is pending. But, even if that is the case, it is improper to start a new and separate action to present objections to a report and recommendation. Alternatively, Mr. Bui may wish to further appeal the denial of eligibility for social security disability benefits, but this Court has jurisdiction to review decisions of that agency only to the extent an appeal is filed in federal court within 60 days of a final agency decision. *See, e.g.*, 42 U.S.C. § 405(g) (providing that an appeal from a final agency decision must be taken within 60 days); *Bess v. Barnhart*, 337 F.3d 988 (8th Cir. 2003) (affirming dismissal of a case filed beyond the 60 days). Mr. Bui already has one such appeal filed in this District, *Bui v. Berryhill*, Case No. 19-cv-0839, wherein there is a pending recommendation for dismissal. Again, Mr. Bui cannot object to that recommendation by filing a new case.

Aside from those two possible purposes, the Court cannot discern any legally cognizable claim from the face of this Complaint filed in the matter at hand. Mr. Bui

---

the emails and I think you love the emails and you will fight like hell for me for some reasons I mean I wrote about 10 more emails and I sent these emails to the ladies at www.vietsingle.com but I didn't file about 10 more emails and probably later I will write a few more emails and I send the emails to the ladies at vietsingle.com.

(Compl. at 3.)

does not specifically describe what individual action each Defendant took that allegedly harmed him, which is a basic requirement of any civil pleading. *See, e.g., White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) ("To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation.") (*citing Dahl v. Weber*, 580 F.3d 730, 733 (8th Cir. 2009); *Wilson v. Northcutt*, 441 F.3d 586, 591 (8th Cir. 2006)). Without this information, neither this Court nor the named Defendants have fair notice of the nature of the claims against them. This Court believes that an opportunity to amend would be futile, so dismissal without prejudice is recommended.

Accordingly, **IT IS HEREBY RECOMMENDED THAT**:

1. The case be **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED as moot**.

Dated:  February 10, 2020         s/ *Hildy Bowbeer*
                                  Hildy Bowbeer
                                  United States Magistrate Judge

## NOTICE

This Amended Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being

served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).